UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

PETER R. MATHEWS,

        Plaintiff,

v.                                 Case No.  5:04-cv-412-Oc-10GRJ

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.
_____

## **REPORT AND RECOMMENDATION**[1]

This matter comes before the Court upon reference by the Clerk. The docket reflects that *pro se* Plaintiff filed his complaint against the Commissioner on September 9, 2004, and this matter was designated as a Track One case four days later. Pursuant to F. R. Civ. P. 4(m), Plaintiff should have served the complaint upon Defendant within 120 days after filing the complaint, on or before January 9, 2005.

Having not received a return of service executed nor an answer by the Commissioner, the Court issued a Show Cause Order on March 4, 2005 requiring Plaintiff, within ten days of the Order, to show cause in writing why his complaint should not be dismissed without prejudice, or in the alternative, to file proof of service in accordance with F.R. Civ. P. 4(i)(1).

Plaintiff has failed to file anything in response to the Court's March 4, 2005 Show Cause Order. Moreover, the docket reflects that neither an executed return of service

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. §636, and Rule 6.02, Local Rules, M.D. Fla., within ten (10) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

nor an answer by the Commissioner has been filed, service of process has not been effected. Accordingly, in light of Plaintiff's failure to prosecute this case and in light of his failure to comply with an Order of this Court, his complaint against the Commissioner is due to be dismissed without prejudice.

## DISCUSSION

Consistent with its inherent power to achieve orderly and expeditious disposition of cases, a federal court can act *sua sponte* to dismiss an action based on a plaintiff's failure to prosecute[2] or for his failure to comply with an order of the court.[3] While dismissal is a dramatic sanction that is to be utilized only in extreme situations, it is appropriately applied where there is a clear record of delay or contumacious conduct on behalf of the plaintiff.[4] The failure of a plaintiff to obey court rules and orders or a plaintiff's voluntary absence from a scheduled hearing coupled with a pattern of similar conduct have been held to constitute want of prosecution, justifying the sanction of dismissal.[5]

---

[2] *See* Mroz v. Mroz, 65 F. 3d 1567, 1575, n. 9 (11th Cir. 1995) *Citing* Chambers v. NASCO, Inc., 501 U.S. 32 (1991). In Chambers, the United States Supreme Court discussed a federal court's inherent power to control proceedings and acknowledged that "certain implied powers must necessarily result to our Courts of justice from the nature of their institution, powers which cannot be dispensed with in a Court, because they are necessary to the exercise of all others." *Id.* at 43; *See Also* Clark v. James, 794 F. 2d 595 (11th Cir. 1986)(Dismissal of civil action for want of prosecution is appropriate sanction); Goforth v. Owens, M.D., 766 F. 2d 1533, 1535 (11th Cir. 1985).

[3] *See* Jones et al. v. Graham et al., 709 F. 2d 1457, 1462 (11th Cir. 1983)(Failure to comply with court order and local rules and clear record of delay demonstrating lack of prosecution warranted dismissal with prejudice.) *See Also* Boron v. West Texas Exports, Inc., 680 F. Supp. 1532 (S.D. Fla. 1988).

[4] Morewitz v. West of England Ship Owners Mutual Protection and Indemnity Association, 62 F. 3d 1356, 1366 (11th Cir. 1995).

[5] *See* Jones at 1462 (11th Cir. 1983). *See* Also Clark at 597 (11th Cir. 1986)("[the sanction of dismissal] was imposed because [plaintiff] had deliberately failed to appear at the hearing, and it was an
(continued...)

This case presents circumstances which justify the sanction of dismissal. Here, with the exception of filing his complaint in September 2004, Plaintiff has not participated at all in the prosecution of this action. After filing the complaint, Plaintiff had 120 days, or until January 9, 2005, to serve Defendant in accordance with the provisions set forth by F. R. Civ. P. 4(i) and (m). Based on the absence of a return of service executed and an answer by the Commissioner, it is apparent that Plaintiff has not satisfied the requirements of Rule 4, which, alone, is cause for dismissal.[6]

Plaintiff was advised about such failure by way of the Court's March 4, 2005 Order. (Doc. 4.) In that Order, Plaintiff was directed to show cause in writing within ten days of the Order why the action should not be dismissed or, in the alternative, to file proof of service. Plaintiff was notified that his failure to comply with the Court's Order would result in the instant recommendation of dismissal. Although the docket reflects that the Show Cause Order was mailed to Plaintiff on March 7, 2005, to date, Plaintiff has failed to respond in any way to the Court's Order. As discussed above, his failure to do so also justifies dismissal of the complaint.

---

[5](...continued)
appropriate sanction. The district judge is not required to ignore a litigant's voluntary absence from a hearing set in his case [...]. If it is clear that a moving party deliberately failed to appear at a hearing on the issues he raises, dismissal is appropriate...")

[6] *See* F. R. Civ. P. 4(m).

## RECOMMENDATION

In view of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint be **DISMISSED** without prejudice for Plaintiff's failure to prosecute this action and for his failure to comply with an Order of the Court.

**IN CHAMBERS** at Ocala, Florida, on this 30th day of March, 2005.

*(signature)*
GARY R. JONES
United States Magistrate Judge

Copies to:
    The Honorable Wm. Terrell Hodges,
    Senior United States District Judge

    *Pro se* Plaintiff